IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20070
Summary Calendar
_____

KYLE JACOB GRAHAM,

                                          Petitioner-Appellee,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

                                          Respondent-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-99-CV-3857)
--------------------
July 30, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Respondent Johnson appeals the district court's partial grant of Petitioner Graham's 28 U.S.C. § 2254 habeas corpus petition challenging his prison disciplinary proceeding. The district court granted Graham's motion for summary judgment with respect to his claim that his due process rights were violated when revocation of good-time credits was included in his punishment, in violation of Administrative Directive 03.21 ("AD-03.21").

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The respondent conceded in the district court, and concedes on appeal, that Graham has a liberty interest in his good-time credits. When, in the context of a prison disciplinary hearing, a prisoner's protected liberty interest is at stake, due process requires only that the prisoner receive (1) written notice of the charges at least 24 hours prior to his disciplinary hearing; (2) an opportunity to call witnesses and present evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the factfinder setting forth the evidence relied on and the reasons for the disciplinary action. See Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).

Wolff does not, however, require that prison officials follow their own administrative rules, whether relating to sentencing or otherwise. See id. at 563-72. In fact, we have expressly held that a prison official's mere failure to follow the prison's own policies, procedures, or regulations does not constitute a violation of due process. See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). Accordingly, the district court erred as a matter of law in determining that Graham was deprived of his due process rights when prison officials violated AD-03.21, a prison administrative rule regarding sentencing.

The district court also made a sua sponte determination that Graham was entitled to habeas relief on the alternative ground that he was denied his due process right to notice of the disciplinary

2

charge at least 24 hours before his hearing. Among Graham's disciplinary records, however, is a "Hearing Worksheet" which states that Graham waived his 24 hours' notice. Additionally, Graham's complaints in his prison grievances that he was not admonished of the seriousness of waiving his right to 24 hours' notice and that he did not waive the notice in writing constitute implied admissions that he waived notice orally. As there is thus some evidence that Graham waived his right to 24 hours' notice, the district court erred in determining that Graham was denied his due process right to such notice. See Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985) (holding that the requirements of due process are satisfied if some evidence supports the prison disciplinary board's decision to revoke good-time credits).

In light of the foregoing, we conclude that the district court erred in granting partial summary judgment in favor of Graham. As there is no genuine issue of material fact relating to Graham's due process claims, the respondent is entitled to judgment on those claims as a matter of law. Thus the district court should have granted in full the respondent's motion for summary judgment. See Fed. R. Civ. P. 56(c). Therefore the district court's judgment must be vacated and this case remanded for entry of summary judgment of dismissal in favor of the respondent.

VACATED and REMANDED with instructions.